UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATRICIA THOMPSON, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:11-cv-1232-JMS-TAB |
| | ) | |
| AFFILIATED COMPUTER SERVICES, | ) | |
| INC. | ) | |
|    *Defendant*. | ) | |

## **ORDER**

Presently before this Court is Defendant Affiliated Computer Services, Inc.'s ("ACS") Motion to Compel Arbitration, [dkt. 10], in this pro se employment action by Patricia Thompson.

### I.
#### BACKGROUND

Ms. Thompson began working for ACS in 2007. In the course of applying for employment with ACS, she signed an "Acceptance of, and Agreement to, ACS's Dispute Resolution Plan" ("DRP"). [Dkt. 11-1 at 15.] The DRP was designed for "quick, fair, accessible, and inexpensive resolution of [d]isputes," [dkt. 11-1 at 5], by restricting nearly all disputes between ACS and its employees to arbitration, if those disputes could not be resolved through other non-adversarial options. [Dkt. 11-1 at 11.]

ACS terminated Thompson on April 5, 2010. [Dkt. 1 at 3 ¶ 1, dkt. 11-1 at 2 ¶ 4.] Afterwards, Ms. Thompson filed this action claiming that her termination constituted racial and age discrimination, [dkt. 1 at 3], wrongful termination, [dkt 12 at 2], and an illegal failure to reemploy, [dkt. 12 at 3]. Through the present motion, ACS argues that arbitration, not a federal lawsuit, is the proper vehicle to resolve her claims.

# II.
# DISCUSSION

Under Section 2 of the Federal Arbitration Act, "[a written] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A federal court applies state law governing the formation of contracts, *Liu v. T & H Machine, Inc.*, 191 F.3d 790, 795 (7th Cir. 1999), which in the present case, is Indiana law. If the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. The court must also stay the proceedings until such arbitration transpires. 9 U.S.C. § 3.

To successfully compel arbitration, "a party need only show: 1) an agreement to arbitrate, 2) a dispute within the scope of the arbitration agreement, and 3) a refusal by the opposing party to proceed to arbitration. *Zurich American Ins. Co. v. Watts Indus., Inc.*, 446 F.3d 577, 580-81 (7th Cir. 2006) (citations omitted).

### A. Agreement to Arbitrate

An agreement to arbitrate, for the purposes of the first element, must be in writing, "evidence a transaction involving interstate commerce," and must be based on state law. 9 U.S.C. § 2. ACS's Dispute Resolution Plan ("DRP") satisfies all three requirements of an arbitration agreement.

The DRP is a written instrument, [dkt. 11-1 at 4-14]. Because the DRP is in writing, the writing requirement is satisfied.

The DRP involves interstate commerce. The breadth of "involving interstate commerce" is as expansive as that of the Commerce Clause. *See Allied-Bruce Terminix Co's, Inc., v. Dobson*, 513 U.S. 265, 273-74 (1995). ACS operates in every state, serves customers in multiple states, utilizing interstate transportation and communication. [Dkt. 11-1 ¶ 2.] The scope of Ms. Thompson's employment with ACS, because of these interstate activities, evidences interstate commerce.

The DRP also satisfies Indiana law. Basic requirements for a contract in Indiana are "offer, acceptance, consideration, and a meeting of the minds of the contracting parties." *Conwell v. Gray Loon Outdoor Marketing Grp., Inc.*, 906 N.E.2d 805 (Ind. 2009). ACS offered Ms. Thompson a method for resolving potential conflicts, the DRP. Ms. Thompson accepted the dispute-resolution method in writing. [Dkt. 11-1 at 15.] The consideration of both parties was a limitation on the avenues available for dispute resolution, as restricted by the DRP. The language on the page signed by Ms. Thompson, "I recognize," "I understand," "I understand and agree," [dkt. 11-1 at 15], created by ACS, indicates both Ms. Thompson and ACS were of the same opinion regarding the restricted means of dispute resolution under the DRP.

Because the DRP was in writing, involved interstate commerce, and its formation complied with Indiana law, the DRP is an agreement to arbitrate, as contemplated within Federal Arbitration Act, 9 U.S.C. § 1 et seq.

**B. Scope of the Arbitration Agreement**

The dispute between Ms. Thompson and ACS is within the scope of the DRP, satisfying the second element necessary for compelling arbitration. The coverage of the DRP specifically covers all of Ms. Thompson's claims. The DRP defines "dispute" to include matters with respect to "the employment or potential reemployment of an Employee, including the terms, condi-

tions or termination of such employment with [ACS]." [Dkt. 11-1 at 5.] That definition covers general claims of wrongful termination and a failure to reemploy. The definition goes on to cover "any other matter related to or concerning the relationship between the Applicant or Employee and [ACS] including . . . allegations of: discrimination based on race, . . . age," etc. [*Id.*] Ms. Thompson's remaining race- and age-discrimination claims fall within that latter provision.

### C. Refusal to Arbitrate

Finally, Ms. Thompson opposes arbitration, satisfying the third element for a motion to compel arbitration. In emails between Ms. Thompson and ACS discussing the possibility of arbitration, Thompson states "she is not willing to waste time," makes a final settlement offer, allowing ACS fourteen days to accept or otherwise go to court. [Dkt. 12-8 at 1-2.] Her email and her filing of a complaint in this Court show her unwillingness to arbitrate.

### D. Addition Grounds for Unenforceability

Ms. Thompson does not dispute the applicability of any of the required three elements of a successful motion to compel arbitration. Nevertheless, she argues that she should be excused from arbitration on two grounds: that ACS is unwilling to settle, thus arbitration would be meaningless, and that ACS failed to initiate arbitration prior to this lawsuit. [Dkt. 12 at 3.] She cites no authority for the viability of these arguments,[1] and the Court's own research reveals none.

Regarding ACS's unwillingness to settle, Ms. Thompson appears to confuse the purposes and outcomes of mediation and arbitration. Mediation works towards reaching a settlement. Arbitration resolves conflicts between parties who are unwilling to settle. An arbitrator, similar to a judge and as summarily stated in the DRP, "is a neutral person who listens to both parties and then makes a final decision that binds both parties to a solution." [Dkt. 11-1 at 13.] Preventing

---

[1] The absence of citations to authority is perhaps understandable given Ms. Thompson's pro se status.

parties from arbitrating because they cannot agree would defeat the purpose of the arbitration both Ms. Thompson and ACS agreed to pursue. ACS's unwillingness to settle is not a barrier to arbitration.

With respect to the burden of initiating arbitration, it rests with the complaining party, similar to filing a complaint in a court of law. Ms. Thompson seeks to prove that her termination and failure to be reemployed are wrongful. To do so, she must begin arbitration proceedings. ACS has no responsibility to do so.

Accordingly, no barrier exists to granting ACS the relief that it seeks: an order to compel arbitration.

### III.
#### CONCLUSION

For the above stated reasons, the Court **GRANTS** ACS's Motion to Compel Arbitration. [Dkt. 10.] If Ms. Thompson wishes to pursue her claims, she must begin arbitration proceedings as set forth in the DRP within thirty days. ACS is ordered to file a status report within forty days indicating whether arbitration was initiated. Failure to initiate arbitration proceedings may adversely impact Ms. Thompson's claim. Pending further order of the Court, all proceedings in this action are **STAYED**.

11/18/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**
PATRICIA THOMPSON
5774 San Paulo Circle, #A
Indianapolis, IN 46226

**Distribution via ECF only:**

Daniel W. Glavin
O'NEILL MCFADDEN & WILLETT, LLP

- 5 -

- 6 -

dglavin@omwlegal.com

Julie R. Murzyn
O'NEILL MCFADDEN & WILLETT LLP
jmurzyn@omwlegal.com